## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**OCIE HOSKINS**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO: 3:12-CV-13-LRA**

**CHRISTOPHER EPPS, ET AL**                           **DEFENDANT**S

### MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment Based on Eleventh Amendment and Qualified Immunity filed by Defendants Christopher Epps, James Holman, and Sheila Park [35] requesting that the Complaint filed against them by Ocie Hoskins, Plaintiff, be dismissed with prejudice. Also before the Court is Hoskins's motion requesting to dismiss all of his lawsuits[1] [38] on the condition that he be released from prison. The Court has considered the pleadings and exhibits, Hoskins's sworn testimony given at the omnibus hearing, and the applicable law. This review compels the Court to find that Defendants are entitled to a judgment at law, as there are no genuine issues of material fact. The Motion for Summary Judgment shall be granted.

### FACTS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Hoskins's sworn testimony at the omnibus hearing, in conjunction with the written evidence submitted by

---

[1]Plaintiff lists Cause Nos. 3:12cv457 (closed on 11/14/2012); 3:12cv458 (pending before Judge Ball and involving an alleged gang incident Hoskins alleges occurred on 12/4/2011); 3:12cv13 (the instant case); 3:12cv531 (closed on 2/5/2013); 3:12cv552 (similar claim by Plaintiff pending before Judge Ball, asking to be transferred); and, 2:12cv115 (closed 9/6/2012 by Judge Starrett; Plaintiff claimed breach of settlement agreement regarding an earlier transfer). In documents 39 & 40, Plaintiff asserts he will dismiss all these cases for $500; release from prison with time served; or, being placed on federal probation.

Defendants,[2] reveal the following relevant facts.  Hoskins is incarcerated as a convicted felon in the custody of the Mississippi Department of Corrections ["MDOC"] at the Central Mississippi Correctional Facility ["CMCF"] in Pearl, Mississippi.

Hoskins explained his allegations under oath at the omnibus hearing.  He contends that these Defendants have failed to protect him from other inmates housed at CMCF. He asserts that he was attacked and injured by gang members on November 27, 2011, and again on January 23, 2012.  According to Hoskins, he informed Defendant Sheila Park that he had been threatened, but she did not move him.  Plaintiff contends that he is not safe on Unit 720 because he has red tags against about 40-50 other inmates there; he requests to be moved to G Building.  He is willing to dismiss this lawsuit if he is transferred to G Building.

Plaintiff explained that he has a foot that has been deformed since birth.  One foot is about half as big as the normal foot.  After the attacks by the gang members on November 27 and on January 23, Plaintiff's foot was sore.  Plaintiff testified that he has very little bone in that foot, and the rest is "nothing but meat and skin."  The gang members did not break any bones or cause Plaintiff to bleed, but his foot was sore. Plaintiff testified that he did not need any medical care after the incidences.

Plaintiff testified that he had no personal contact with either Defendant Epps or Defendant Holman prior to the attack.  He named them as Defendants because of their positions; they could have had him moved.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[2]Defendants' Exhibit C to the motion is the Affidavit of Defendant Cpt. Sheila Parks, correctional officer at the CMCF, ECF No. 35-3.

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322.  There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

## LEGAL ANALYSIS

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002).  To establish a failure-to-protect claim under section 1983, Plaintiff must show that he is/was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer*, 511 U.S. at 837).  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact. *Neals*, 59 F.3d at 533.  Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Cnty. Comm'rs of Bryan Cnty v. Brown*, 530 U.S. 397, 410 (1997).

Defendant Park has submitted an Affidavit which has not been rebutted by Hoskins and which is supported by the prison records.  ECF No. 35-3, Exhibit "C".  According to Officer Park, she did have a conversation in December 2011 with Plaintiff, and he informed her that he feared harm from other offenders.  Because of this, she had him moved to protective custody.  Officer Park avers that Plaintiff was not injured by other inmates, to her knowledge, in November 2011 or January 2012, or at any other time.  She never housed Plaintiff with red-tagged inmates.

As Defendants point out, there is no objective evidence supporting Plaintiff's allegations of attack.  A review of his institutional file shows no record of any such attack and no medical records confirming these alleged attacks.  His Incident Report History shows that on December 21, 2011, he complained to case manager Sonica Hilliard that he feared other inmates, but he could not name the inmates.   Because of his fear, he was moved to a maximum security lockdown cell to protect him.  Plaintiff's "Drill Down Detail Report" and "Offender Log" confirm this complaint.  Yet, nothing in his institutional record contains any evidence that an altercation occurred with another inmate.

Plaintiff's medical records do not show any treatment for an assault from November 2011 through January 2012.  The record contains medical notations on December 28, 2011, that he was seen on that date, and reported that he was "jumped on [by] gang members and now is doing fine."  He received no treatment for any injuries.  His medical records reflect that he was seen by medical personnel on January 29, 2012, and that he advised that he was "doing good now."

To defeat a summary judgment motion, Hoskins must rely on specific evidence in the record and articulate the precise manner in which that evidence supports his claims.  *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996).  He cannot rely on unsubstantiated, conclusory assertions or merely present a scintilla of evidence.  *Fiesel v.*

4

*Cherry,* 294 F.3d 664, 667 (5th Cir. 2002), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  In this case, Hoskins has not pointed to any objective evidence in his records which would support his claims that he was harmed in a altercation with gang members.

Hoskins has a constitutional right to be safe while in MDOC custody, and prison officials have a duty under the Eighth Amendment to protect him from violence from other inmates.  *Farmer*, 511 U.S. at 833.  However, "[n]ot every injury by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  To state a constitutional case against these Defendants, Hoskins must plead or articulate enough specific facts, not conclusory allegations,[3] to show that they were aware that Hoskins faced a "substantial risk of serious harm" from unnamed inmates.  He has failed to do so.

A prison obviously houses many violent offenders.[4]  Hoskins has failed to assert facts which would show that he ever faced a substantial risk of serious harm.  He was not injured, according to his own testimony, and he admits he has been placed in protective custody.  His general allegations regarding his fears and his alleged assaults are not enough to state a claim that he was ever in actual danger.  Even if the bare allegations are considered sufficient, his testimony, in light of his prison and medical records, still does not support a finding that any Defendant acted with  "deliberate indifference" toward his safety.  "Deliberate indifference" is a question of fact, and may be proved from

---

[3]*See Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc) (§1983 plaintiff must plead specific facts, not "conclusory allegations").

[4]As the Court noted in *Newton*, 133 F.3d at 307, Parchman is "a dangerous place," with 80% of its 6,000 inmates being "violent offenders."  The Court still found that an officer was not aware that "a substantial risk" of harm existed simply because a prisoner reported a threat by another inmate and asked to be moved; threats are part of the penitentiary's daily fare.  A similar analysis could be applied to CMCF.

circumstantial evidence.  *Newton*, 133 F.3d at 308.  However, these Defendants must have been aware of facts from which the inference could be drawn that a substantial risk of harm to Hoskins existed, and each of them must also have actually drawn the inference.  In this case, Hoskins's complaints about gang threats did cause Defendant Park to place him on protective custody.  This action negates a finding of deliberate indifference to his safety.

The Court concludes that there are no genuine issues of material fact in analyzing the claims against these Defendants, and they are entitled to a judgment at law.  At most Hoskins has stated a claim of negligence against Defendant Park, and negligence cannot form the basis of a section 1983 claim.  *Daniel v. Williams*, 474 U.S. 327 (1986) (negligent acts of official do not amount to deprivation of due process).

As to Defendants Epps and Holman, Plaintiff admits that they had no personal involvement in the incidences; they are sued only because of their supervisory roles over the prisons.  Because there can be no vicarious or *respondeat superior* liability of supervisors under section 1983, these Defendants are also dismissed on this basis.  *See Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir. 2006); *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).  All of the Eleventh Amendment and qualified immunity arguments set forth in Defendants' memorandum are also adopted by this Court.

Additionally, the Court notes that the primary relief Hoskins actually seeks in this case is injunctive in nature: he requests to be let out of prison, or moved to the G Building and out of protective custody, or to be placed on federal probation.  These are not remedies which are available for this Court to provide in a civil action such as this.  Plaintiff is advised that his prior transfer to CMCF was a voluntary action on the part of MDOC and not this Court's directive.  Hoskins should attempt to resolve any future

6

concerns regarding his safety or his housing through the administrative remedy program of the prison.

The Court also notes that Plaintiff previously filed similar cases regarding his fear of gang members in the Hattiesburg Division of this Court, asking to be transferred from the South Mississippi Correctional Institute in Leakesville, Mississippi, to CMCF.  *See* 2:10cv155; 2:11cv40; 2:11cv74; and, 2:11cv80, all assigned to Judges Parker and Starrett.  MDOC agreed to transfer Plaintiff to CMCF in an effort to resolve these cases *See Settlement Agreement*, ECF No. 50 in 2:10cv155; *see also*, 2:12cv115 (Hoskins alleged a breach of settlement agreement).

## CONCLUSION

The Court finds that there are no genuine issues as to any material fact in this case regarding Hoskins's claims that these Defendants are liable to him.  Accordingly, Defendants are entitled to a judgment at law, and the Motion for Summary Judgment [ECF No. 39] is hereby granted.   For this reason, Plaintiff's Motion to Dismiss [ECF No. 38] is dismissed as moot.  Judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure is hereby entered in favor of all Defendants; Final Judgment shall be entered on this date.

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice.

SO ORDERED, this the 5th day of September 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE